LAW OFFICES OF
# STEPHEN TURANO

sturano@turanolaw.com

| | |
|---|---|
| 275 MADISON AVENUE<br>35TH FLOOR<br>NEW YORK, NY 10016 | 60 PARK PLACE<br>SUITE 1101<br>NEWARK, NJ 07102 |
| TEL (917) 974-1781<br>FAX (212) 208-2981 | TEL (973) 648-6777<br>FAX (212) 208-2981 |

> Defendant's request for a modification of the protected order is denied. However, the Court clarifies that the protective order permits counsel to play the Confidential Informants' recordings while a defendant participates by phone or videoconference, provided that the defendant does not record, reproduce, or grant unauthorized access to the recordings.
> So ordered:  5/12/2022
>
> *J. PAUL OETKEN*
> *United States District Judge*

Hon. J Paul Oetken
United States District Court Judge
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
New York, NY 10007

      Re:    United States v. Aleksei Kmit
              Case No. 21 Cr. 92 (AJN)

Dear Judge Oetkin:

      I represent Aleksei Kmit in the above-referenced matter. I write this submission to request a modification of the Protective Order entered into between the Government and all defense counsel to permit me to produce recorded conversations produced by the Government directly to Mr. Kmit. (ECF Dkt. No. 52). I the Government opposes this application.

      The defendants were charged in a one-count superseding indictment with conspiracy to commit immigration fraud, in violation of 18 U.S.C. §§ 371 and 1546. The defendants, through Russian America, the entity for which the defendants worked, assisted clients – primarily aliens from Russia and the Commonwealth of Independent States – seeking visas, asylum, citizenship, and other forms of legal status in the United States. The superseding indictment alleges that Russian America helped certain of its clients obtain asylum under fraudulent pretenses.

      As the Court is aware, this matter involves immigration fraud. It does not involve any acts or threats of violence or witness intimidation. Nonetheless, paragraph 2 of the Protective Order precludes defendants from viewing discovery designated as "sensitive discovery materials" outside the presence of counsel. This discovery category specifically includes "information that identifies or could lead to the identification" of witnesses who "may be subject to intimidation or obstruction" and "subject to the risk of harm."

Hon. J Paul Oetken
May 4, 2022
Page 2

      In Mr. Kmit's case, the most relevant discovery pertains to recorded conversations with confidential witnesses in Russian, which fall under the "sensitive-discovery-materials category. He resides in Iowa, making it extremely burdensome, time consuming, and costly for counsel, Mr. Kmit, and an interpreter to review in person the numerous recordings. Even if the Protective Order permits the recordings to played over the phone or by videoconferencing,[1] not permitting Mr. Kmit to review the recordings on his own will unnecessarily impede trial preparation.

      Moreover, the circumstances of this cases do not require the level of protection the Protective Order requires. When balanced against the difficulties it presents for Mr. Kmit and counsel regarding trial preparation, I request that the Court consider modifying the paragraph 2 and permit counsel to send the recorded conversations directly to Mr. Kmit with restrictions precluding him from sharing the conversations with third parties.

      Respectfully submitted,

      /s/ Stephen Turano

      Stephen Turano
      Attorney for Aleksei Kmit

cc: David Felton, AUSA
    Jonathan Rebold, AUSA

---

[1] I am uncertain whether the Protective Order permits counsel to play the recordings while a defendant participates only by phone or videoconferencing. In the even the Court declines counsel's request to permit Mr. Kmit direct access to the relevant conversations outside the presence of counsel, I ask that the Court permit me to review these recordings with Mr. Kmit by videoconferencing or phone.